EXHIBIT 1

Jeffrey L. Haberman (FL Bar 98522) (*pro hac vice*)
jhaberman@schlesingerlaw.com
**SCHLESINGER LAW OFFICES, P.A.**
1212 Southeast Third Avenue
Ft. Lauderdale, FL 33316
Tel: (954) 467-8800
Fax: (954) 320-9509

*Attorneys for Plaintiff,*
*Michael and Deborah King*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael King and Deborah King,<br><br>        Plaintiffs,<br><br>v.<br><br>DePuy Orthopaedics, Inc.; DePuy Products, Inc.; DePuy Synthes, Inc.; Johnson & Johnson; Johnson & Johnson Services, Inc.; and Johnson & Johnson International,<br><br>        Defendants. | No. CV-23-00196-PHX-SMB<br><br><br>**PLAINTIFF'S AMENDED ANSWERS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION** |

Plaintiff, Michael King, by and through the undersigned counsel, and in accordance with Federal Rule of Civil Procedure 34, hereby submits the following Amended Responses to Defendants' First Set of Requests for Production.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**  All records, reports, and notes not previously served on Defendant from all physicians and health care providers who have diagnosed or treated you at any time from five (5) years before your first hip surgery to the present, including but not limited to all diagnoses and/or treatments relating to your hip(s).

**RESPONSE:  None; to the best of Plaintiff's knowledge, all such responsive information has been produced. Plaintiff reserves the right to supplement or amend this Response.**

**REQUEST NO. 2:**  All records, reports, and notes not previously served on Defendant from all hospitals and facilities where you have received treatment for the period five (5) years before your first hip surgery to the present, including but not limited to all treatment relating to your hip(s).

**RESPONSE:  None; to the best of Plaintiff's knowledge, all such responsive information has been produced. Plaintiff reserves the right to supplement or amend this Response.**

**REQUEST NO. 3:**  All x-rays, CT scans, MRIs or other radiographic images of any part of Plaintiff's body, including but not limited to those that show any portion of Plaintiff's hip and/or depict the Device, not previously served on Defendant.

1

**RESPONSE: None; to the best of Plaintiff's knowledge, all such responsive information has been produced. Plaintiff reserves the right to supplement or amend this Response.**

**REQUEST NO. 4:** All laboratory reports and results of blood tests not previously served on Defendants that were performed on Plaintiff and show the level of cobalt and chromium ions in the blood.

**RESPONSE: None; to the best of Plaintiff's knowledge, all such responsive information has been produced. Plaintiff reserves the right to supplement or amend this Response.**

**REQUEST NO. 5:** If You are seeking or claiming any lost wages and/or reduced earning capacity as damages in this matter, produce all employment records including evaluations, disciplinary records, testing data, employment files, fact and duration of unemployment, records of workers' compensation claims, and unemployment insurance at any time from five (5) years before your first hip surgery to the present.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

**REQUEST NO. 6:** All welfare applications and applications for assistance from any government agency because of unemployment, ill health, or disability.

**RESPONSE: None.**

**REQUEST NO. 7:** All documents identified and/or referenced in your answers to Defendants' First Set of Interrogatories to Plaintiff, and/or identified and/or referenced in preparing responses to Plaintiff's Fact Sheet.

**RESPONSE: See Plaintiff's Answers to Interrogatory Nos. 1, 5, 6, 7, 8, 11, 12, 13, 14, 15, 16, 21, 24, and 25. All medical records and bills referenced in the aforementioned Interrogatory Answers have already been produced.**

**REQUEST NO. 8:** All other documents relating to the allegations of personal injury or disability contained in your complaint.

**RESPONSE: Objection; this Request is vague and overbroad. Notwithstanding and without waiving said objections, Plaintiff has produced and/or provided authorizations for medical records, including imaging.**

**REQUEST NO. 9:** All documents which relate to or on which you rely in support of the allegations against Defendant's in Your Complaint.

**RESPONSE: Objection; this Request calls for attorney work product and expert consulting privileges, and is the subject of expert testimony, which is out of the scope of knowledge of any lay person. Notwithstanding, and without waiving said objection, Plaintiff refers Defendants to the expert reports that have been produced in the Pinnacle MDL as well as those produced in this case specifically as well the deposition testimony of DePuy's corporate representatives taken in the Pinnacle MDL.**

Plaintiff further refers Defendant to Plaintiff's medical records at: MK_KF0008-0009; MK_AS_0008-0009; MK_NP_0008-0009; MK_LBS_0008-0010; MK_MK_0008; MK_SH_0001-0003; MK_MS_0009-0010; MK_ASJH_0005-0106; MK_DG_0005-0026; MK_GS_0005; MK_MC_0005-2430; MK_PS_0005-0014; and the January 13, 2014 surgical pathology report. Plaintiff reserves the right to amend or supplement this Response. Furthermore, by providing the aforementioned Bates numbers, Plaintiff does not waive the right to use any of Plaintiff's medical records or bills at trial.

**REQUEST NO. 10:** All documents relating to medical examinations of Plaintiff made for any purpose for the period of five (5) years before your first hip surgery to the present, including but not limited to applications for life or health insurance and worker's compensation claims.

**RESPONSE:** To the best of Plaintiff's knowledge, all such responsive information has been produced. Plaintiff reserves the right to supplement or amend this Response.

**REQUEST NO. 11:** All medical bills for which Plaintiff seeks recovery in this lawsuit, as well as documents relating to third party payments of medical bills.

**RESPONSE:** To the best of Plaintiff's knowledge, all such responsive information has been produced. Plaintiff reserves the right to supplement or amend this Response.

**REQUEST NO. 12:**  All documents, reports, studies or analyses that set forth in any manner the amount of medical expenses that Plaintiff may incur in the future.

**RESPONSE:  None in Plaintiff's possession, custody, or control at this time. Plaintiff reserves the right to supplement or amend this Response.**

**REQUEST NO. 13:**  All records of any other expenses allegedly incurred as a result of the Incident and/or injuries alleged in the Complaint, including but not limited to alleged travel expenses associated with your medical treatment.

**RESPONSE:  None.**

**REQUEST NO. 14:**  All insurance applications filed by or on behalf of Plaintiff and copies of insurance policies issued to Plaintiff applicable to the illness, injury or medical condition which forms the basis of Plaintiff's complaint.

**RESPONSE:  See enclosed copies of Plaintiff's health insurance cards.**

**REQUEST NO. 15:**  All documents relating to payments or benefits Plaintiff received from any source as a result of the Incident.

**RESPONSE:  See enclosed copies of Plaintiff's health insurance cards.**

**REQUEST NO. 16:**  All photographs and/or video of Plaintiff engaging in athletic, recreational, exercise or physical activities of any kind during the period from five (5) years before Your first hip surgery to the present, including but not limited to photographs and/or video taken on trips and/or vacations.

5

**RESPONSE:** Objection. This request is vague in its use of the term "recreational" and "physical activities of any kind" and not reasonably limited in time as it asks for all photographs for a period of eighteen (18) years. Notwithstanding and without waiving said objections, and to the best of Plaintiff's ability and recollection, none in Plaintiff's possession, custody, or control.

**REQUEST NO. 17:** If You are seeking or claiming any lost wages and/or reduced earning capacity as damages in this matter, produce all federal and state income tax returns, schedules, W- 2 forms, and bookkeeping records for the years from five (5) years before Your first hip surgery to the present for Plaintiff.

**RESPONSE: Plaintiff objects to this Request on the grounds that it is not reasonably limited in time as it requests W-2 forms and income tax returns for the past the eighteen (18) years. Notwithstanding and without waiving said objections, having retired from his career as an airline pilot in 2011, Plaintiff does not have any tax returns or W-2 forms in his possession, custody, or control.**

**Plaintiffs are in the process of requesting wage and income documentation from the IRS for the five (5) year period prior to Plaintiff's retirement as an airline pilot (i.e., from 2006 – 2011) and will produce such documentation to Defendants upon receipt. Plaintiff will also sign the necessary authorization(s) allowing Defendants to collect such documentation upon receipt of said authorization forms from Defendants.**

**REQUEST NO. 18:** If You are seeking or claiming any lost wages and/or reduced earning capacity as damages in this matter, produce all documents relating to any past, present, or future loss of income and/or loss of earning capacity (and other benefits) that You claim in this lawsuit.

**RESPONSE: See enclosed Social Security Earnings Record. See also Plaintiffs' Response to Request for Production No. 17.**

**REQUEST NO. 19:** All documents relating to any social security disability benefits, private disability insurance benefits, or benefits from other state or federal disability program(s) applied for and/or received by Plaintiff during the period from five (5) years before Your first hip surgery to the present.

**RESPONSE: None.**

**REQUEST NO. 20:** Copies of all pleadings, including but not limited to, complaints, answers, answers to interrogatories, transcripts of depositions, settlement papers, releases, stipulations of dismissal and covenants not to sue in any action for personal injuries by or on behalf of Plaintiff.

**RESPONSE: None.**

**REQUEST NO. 21:** Any packaging, instructions, literature, marketing materials or other documents relating to the Devices.

**RESPONSE: See enclosed DePuy Product ID card.**

**REQUEST NO. 22:** All photographs, slides, illustrations, tapes, CDs, films or other audio or visual materials that relate in any way to the allegations contained in the complaint, including but not limited to photographs and/or videos of any surgical procedures and/or injuries alleged to be at issue in this litigation, or that Plaintiff intends to use, or may use, at trial.

**RESPONSE: Objection; this Request calls for attorney work product and expert consulting privileged documentation, and is the subject of expert testimony, which is out of the scope of knowledge of any lay person. Notwithstanding, and without waiving said objection, see enclosed photographs in Plaintiff's possession, custody, and control. Plaintiff further refers Defendants to the expert reports that have been produced in the Pinnacle MDL as well as those produced in this case, specifically. Plaintiff will disclose trial exhibits in accordance with this Court's Scheduling Order. Plaintiff reserves the right to amend or supplement this Response.**

**REQUEST NO. 23:** All documents, including but not limited to emails, texts, letters, notes, memoranda, journals, calendars, diary entries and/or internet postings of any kind, relating to and/or reflecting all consultations and/or communications you have had with any doctors, surgeons, toxicologists, practitioners of the healing arts, medical providers, and/or experts of any kind relating to the Incident and/or the Device.

**RESPONSE: Plaintiff objects to this Request to the extent this Request calls for attorney-client or attorney expert privileged material. Notwithstanding and without waiving said objections, none in Plaintiff's possession, custody, or control.**

8

**REQUEST NO. 24:** Any materials, literature, documents, videos, diagrams, pictures, warnings and/or other information of any kind received by you relating to the Device from surgeons, physicians, or other health care professionals who have treated Plaintiff for any condition related to the Device.

**RESPONSE:  See enclosed DePuy Product ID card.**

**REQUEST NO. 25:** Any materials, literature, documents, videos, diagrams, pictures, warnings and/or other information of any kind received by you relating to the Device from any Defendant at any time prior to the filing of your complaint.

**RESPONSE:  None.**

**REQUEST NO. 26:**  All documents constituting or relating to any communications between Plaintiff or Plaintiff's representative(s), and Defendant(s), or any other representative or employee thereof, including statements made by Defendant(s) or its/their agent(s) or employee(s) concerning the Device or the Incident.

**RESPONSE:  None.**

**REQUEST NO. 27:** Any documents, including notes, diaries, journals, calendars, e- mails, texts, postings on websites, postings on blogs, instant messages, and all postings on social media accounts (including but not limited to Facebook, Twitter, MySpace, Instagram, Pinterest, Vine, Tumblr, Google+, Snapchat, and/or LinkedIn) or other documents prepared, sent, created, and/or drafted by Plaintiff or Plaintiff's representative, other than

Plaintiff's attorneys, concerning the Device, the Incident and/or any issue in this case including but not limited to your physical and emotional health.

**RESPONSE: Objection; this Request calls for attorney work product privileged documentation. As his privilege log, Plaintiff identifies one set of notes that was prepared by Plaintiff Michael King for his attorneys in preparation for his deposition. Other than the aforementioned notes, none in Plaintiff's possession, custody, or control.**

**REQUEST NO. 28:** All DePuy documents and/or documents of any other Defendant relating in any way to the Device in your possession or control obtained from any source other than the Defendants or their counsel.

**RESPONSE: See enclosed DePuy Product ID card.**

**REQUEST NO. 29:** All reports of any testing, including drafts and raw data, conducted on the Device that is the subject of Your claims in this litigation.

**RESPONSE: Other than the January 13, 2014 Surgical Pathology Report (MK_MC_0009-0010) which has already been produced, none in Plaintiff's possession, custody, or control at this time.**

**REQUEST NO. 30:** All test results, statistical analyses, pamphlets, brochures, articles or any other literature on which You may rely in support of any claim in this lawsuit.

**RESPONSE: Objection; this Request calls for attorney work product and expert consulting privileged documentation, and is the subject of expert testimony,**

**which is out of the scope of knowledge of any lay person. Notwithstanding and without waiving said objections, Plaintiff refers Defendants to the expert reports that have been produced in the Pinnacle MDL as well as those produced in this case, specifically. Plaintiff reserves the right to amend or supplement this Response.**

**REQUEST NO. 31:** All documents which relate to or on which you may rely in support of any claim that the Defendants were negligent in any manner with regard to the Incident and/or the Device.

**RESPONSE: Objection; this Request calls for attorney work product and expert consulting privileged documentation, and is the subject of expert testimony, which is out of the scope of knowledge of any lay person. Notwithstanding and without waiving said objections, Plaintiff refers Defendants to the expert reports that have been produced in the Pinnacle MDL as well as those produced in this case, specifically. Plaintiff reserves the right to amend or supplement this Response.**

**REQUEST NO. 32:** All documents which relate to or on which you may rely in support of any claim that the Device was defectively designed or was unreasonably dangerous in any respect.

**RESPONSE: Objection; this Request calls for attorney work product and expert consulting privileged documentation, and is the subject of expert testimony, which is out of the scope of knowledge of any lay person. Notwithstanding and without waiving said objections, Plaintiff refers Defendants to the expert reports that have**

been produced in the Pinnacle MDL as well as those produced in this case, specifically. Plaintiff reserves the right to amend or supplement this Response.

**REQUEST NO. 33:** All documents which relate to or on which you may rely in support of any claim that the Device was defective due to inadequate warnings.

     **RESPONSE: Objection; this Request calls for attorney work product and expert consulting privileged documentation, and is the subject of expert testimony, which is out of the scope of knowledge of any lay person. Notwithstanding and without waiving said objections, Plaintiff refers Defendants to the expert reports that have been produced in the Pinnacle MDL as well as those produced in this case, specifically. Plaintiff reserves the right to amend or supplement this Response.**

**REQUEST NO. 34:** All documents which relate to or on which you may rely in support of any claim that the Device was defective due to a manufacturing defect.

     **RESPONSE: Objection; this Request calls for attorney work product and expert consulting privileged documentation, and is the subject of expert testimony, which is out of the scope of knowledge of any lay person. Notwithstanding and without waiving said objections, Plaintiff refers Defendants to the expert reports that have been produced in the Pinnacle MDL as well as those produced in this case, specifically. Plaintiff reserves the right to amend or supplement this Response.**

**REQUEST NO. 35:** All documents which relate to or on which you may rely in support of any claim that any Defendant breached any express warranty of any kind related to the Device.

**RESPONSE: Objection; this Request calls for attorney work product and expert consulting privileged documentation, and is the subject of expert testimony, which is out of the scope of knowledge of any lay person. Notwithstanding and without waiving said objections, Plaintiff refers Defendants to the expert reports that have been produced in the Pinnacle MDL as well as those produced in this case, specifically. Plaintiff reserves the right to amend or supplement this Response.**

**REQUEST NO. 36:** All documents which relate to or on which you may rely in support of any claim that any Defendant breached any implied warranty related to the Device.

**RESPONSE: Objection; this Request calls for attorney work product and expert consulting privileged documentation, and is the subject of expert testimony, which is out of the scope of knowledge of any lay person. Notwithstanding and without waiving said objections, Plaintiff refers Defendants to the expert reports that have been produced in the Pinnacle MDL as well as those produced in this case, specifically. Plaintiff reserves the right to amend or supplement this Response.**

**REQUEST NO. 37:** All documents which relate to or on which you may rely in support of any claim that the Defendants engaged in any negligent misrepresentation of any kind relating to the Device.

**RESPONSE:   Objection; this Request calls for attorney work product and expert consulting privileged documentation, and is the subject of expert testimony, which is out of the scope of knowledge of any lay person. Notwithstanding and without waiving said objections, Plaintiff refers Defendants to the expert reports that have been produced in the Pinnacle MDL as well as those produced in this case, specifically. Plaintiff reserves the right to amend or supplement this Response.**

**REQUEST NO. 38:**  All documents which relate to or on which you may rely in support of any claim that a Defendant engaged in any fraud of any kind relating in any way to the Device.

**RESPONSE:   Objection; this Request calls for attorney work product and expert consulting privileged documentation, and is the subject of expert testimony, which is out of the scope of knowledge of any lay person. Notwithstanding and without waiving said objections, Plaintiff refers Defendants to the expert reports that have been produced in the Pinnacle MDL as well as those produced in this case, specifically. Plaintiff reserves the right to amend or supplement this Response.**

**REQUEST NO. 39:**  All documents which relate to or on which you may rely in support of any claim that Plaintiff is entitled to recover punitive and/or exemplary damages in this matter.

**RESPONSE:   Objection; this Request calls for attorney work product and expert consulting privileged documentation, and is the subject of expert testimony, which is out of the scope of knowledge of any lay person. Notwithstanding and without**

waiving said objections, Plaintiff refers Defendants to the expert reports that have been produced in the Pinnacle MDL as well as those produced in this case, specifically. Plaintiff reserves the right to amend or supplement this Response.

**REQUEST NO. 40:**  If you or your spouse is asserting a claim for loss of consortium, produce all documents which relate to or on which you may rely to support such a claim.

      **RESPONSE:  None in Plaintiff's possession, custody, or control.**

**REQUEST NO. 41:**  Any and all exhibits Plaintiff may use at any pre-trial proceeding and/or trial on the merits regarding Defendants, Defendants' experts, and/or Defendants' non-expert witnesses.

      **RESPONSE:  Objection; this Request improperly seeks to accelerate the time for producing exhibits Plaintiff may use at trial.  Plaintiff will comply with the Court's Scheduling Order for producing such material.  Further, Defendants are improperly seeking material that may be used at cross-examination, which is not discoverable by way of these Requests.**

**REQUEST NO. 42:**  Any and all documents, including but not limited to, literature, photographs, videos, and other materials, upon which Plaintiff intends to rely in this action in furtherance of Plaintiff's claims asserted against Defendants.

      **RESPONSE:  Objection; this Request improperly seeks to accelerate the time for producing exhibits Plaintiff may use at trial.  Plaintiff will comply with the Court's**

Scheduling Order for producing such material. See also Plaintiff's Response to Request Nos. 9 and 22.

**REQUEST NO. 43:** Any and all copies of all forms of communication between Plaintiff and/or Plaintiff's attorney(s) and Plaintiff's orthopaedic surgeons.

RESPONSE: None in Plaintiff's possession, custody, or control.

**REQUEST NO. 44:** Any and all documents evidencing communications between Plaintiff and any expert witness retained on behalf of Plaintiff.

RESPONSE: None in Plaintiff's possession, custody, or control.

**REQUEST NO. 45:** Any and all photographs, videos, recordings, materials, or other documents that evidence or document each of Plaintiff's hip surgery(ies) or hip procedure(s).

RESPONSE: See enclosed photographs. Additionally, Plaintiff objects to this Request on the grounds that it is unduly burdensome to identify each medical record that evidences or mentions one of Plaintiff's hip surgeries as virtually every medical record (of which there are thousands of pages) references one of Plaintiff's hip surgeries. Notwithstanding and without waiving said objections, Plaintiff refers Defendants to Plaintiff's medical records—specifically, the following records: MK_ASJH_0029-30; MK_ASJH_0096; MK_MC_0499; MK_MC_0591; MK_MC_0593-596; MK_MC_0571-574; MK_AS_0008-0009; MK_MC_0565-568; MK_MC_0558-559; MK_MC_0526-530; MK_MS_0008-0010; MK_MC_0517-519;

16

MK_LBS_0008-10; MK_SH_0001-0003; MK_MC_0501; MK_NP_0008-0009; MK_MC_0468-469; MK_MC_0441; MK_MC_0455-0459; MK_MC_0362. Furthermore, by providing the aforementioned Bates numbers, Plaintiff does not waive the right to use any of Plaintiff's medical records or bills at trial.

**REQUEST NO. 46:** Any and all documents and other materials that Plaintiff may use as proof that Plaintiff's complaints of physical injury, emotional distress, and/or financial injury were caused by the Device.

**RESPONSE: Objection; this Request improperly seeks to accelerate the time for producing exhibits Plaintiff may use at trial. Plaintiff will comply with the Court's Scheduling Order for producing such material. See also Plaintiff's Response to Request Nos. 9, 22 and 45.**

**REQUEST NO. 47:** Any and all documents and materials Plaintiff may use at any pre-trial proceeding or trial on the merits to impeach the credibility of any DePuy employee, including but not limited to criminal or personal background records, however obtained.

**RESPONSE: Objection; this Request improperly seeks attorney work-product material. Material used for cross examination need not be disclosed prior to said cross examination under the Federal Rules of Civil Procedure.**

**REQUEST NO. 48:** Any and all documents and materials Plaintiff may use at any pre-trial proceeding or trial on the merits to impeach the credibility of any of Defendants'

expert witnesses, including but not limited to any criminal or personal background records, however obtained.

**RESPONSE:** **Objection; this Request improperly seeks attorney work-product material. Material used for cross examination need not be disclosed prior to said cross examination under the Federal Rules of Civil Procedure.**

**REQUEST NO. 49:** Any and all documents and materials Plaintiff may use at any pre-trial proceeding or trial on the merits to impeach the credibility of Plaintiff's orthopaedic surgeon(s), including but not limited to any criminal or personal background records, however obtained.

**RESPONSE:** **Objection; this Request improperly seeks attorney work-product material. Material used for cross examination need not be disclosed prior to said cross examination under the Federal Rules of Civil Procedure.**

**REQUEST NO. 50:** All pathology and/or tissue samples or slides of any kind in Plaintiff's possession, custody or control relating to the Incident.

**RESPONSE:** **None in Plaintiff's possession, custody, or control.**

**REQUEST NO. 51:** All components of the Device and/or any other hip components removed during revision surgery(ies) that you have undergone.

**RESPONSE:** **None in Plaintiff's possession, custody, or control. To the best of Plaintiff's knowledge and belief, the device components remain in the possession of**

Defendants' expert, **Dr. Edward Ebramzadeh, at the JVL Orthopaedic Research Center in Los Angeles, California (see Plaintiff's Answer to Interrogatory No. 24).**

**REQUEST NO. 52:** All written, audio, or visual material (including by not limited to videos, models, photographs, brochures, or advertisements) of any sort that you reviewed or consulted regarding the selection of the Device.

      **RESPONSE: None in Plaintiff's possession, custody, or control.**

**REQUEST NO. 53:** For Plaintiff's orthopaedic surgeon(s), any and all documents that evidence or explain the contractual, business, and/or financial relationship between said surgeon(s) and Plaintiff and/or Plaintiff's attorney(s).

      **RESPONSE: None in Plaintiff's possession, custody, or control.**

**REQUEST NO. 54:** All components of the Devices and/or any other hip components removed during any revision surgery that You have undergone.

      **RESPONSE: See Plaintiff's Response to Request for Production No. 51.**

**REQUEST NO. 55:** If you claim you are suffering from depression, a mood disorder, or any other mental or emotional condition as a result of the Devices, then produce all documents (including counseling, psychological, psychiatric, and pharmacy records) relating to treatment you have ever received for any such condition.

**RESPONSE:** To the best of Plaintiff's knowledge, all such responsive information has been produced. Plaintiff reserves the right to supplement or amend this Response.

**REQUEST NO. 56:** All documents that reflect or concern the date(s) on which you first became aware of the injuries you allege resulted from the implant of the Devices.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

**REQUEST NO. 57:** Copies of all accident or incident reports involving Plaintiff.

**RESPONSE: None in Plaintiff's possession, custody, or control.**

DATED: September 13, 2023          Respectfully submitted,

*/s/ Jeffrey L. Haberman*
Jeffrey L. Haberman, Esq.
**SCHLESINGER LAW OFFICES, P.A.**
1212 SE Third Avenue,
Fort Lauderdale, FL 33316
Telephone: (954) 467-8800
jhaberman@schlesingerlaw.com

*Attorneys for Plaintiffs*